ELECTRONICALLY
FILED
Dec 16 2022
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF WEST VIRGINIA - CLARKSBURG

| | |
|---|---|
| MARK R. LEE, M.D., | CIVIL ACTION – LAW |
| Plaintiff, | No.    **1:22-CV-156 (Kleeh)** |
| v. | |
| WEST VIRGINIA UNIVERSITY, WEST VIRGINIA UNIVERSITY SCHOOL OF MEDICINE and WEST VIRGINIA MEDICAL CORPORATION d/b/a UNIVERSITY HEALTH ASSOCIATES, | *Electronically Filed* |
| Defendants. | **JURY TRIAL DEMANDED** |

## COMPLAINT

AND NOW, comes the plaintiff, MARK R. LEE, M.D, by and through his attorneys, JonesPassodelis, PLLC, and hereby files the within Complaint, averring as follows:

### I. INTRODUCTION

1.      This is an action for monetary damages to redress Defendants' clear and unlawful discrimination based on age and retaliation in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. and the West Virginia Human Rights Act, W.Va. Code § 5-11-1 et seq. and for breach of contract to employ Dr. Mark Lee as Professor and Chair of the Department of Neurosurgery.

### II. JURISDICTION

2.      This Court has jurisdiction of this matter by virtue of 28 U.S.C. § 1331, in that this is a civil action wherein the matter in controversy arises under the laws of the United States.

3.      This Court also has jurisdiction of this matter under 28 U.S.C. § 1367.  Although, some of plaintiff's claims are brought under West Virginia state law, the state law claims are

related to the claims brought pursuant to federal law as they form part of the same case or controversy under Article III of the Constitution of the United States.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the acts constituting the basis of and omissions giving rise to the claims occurred in the Northern District of West Virginia.

5.      On August 20, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against the Defendants, alleging discrimination based on age and retaliation in response to making a complaint of age discrimination. At the time that plaintiff's complaint was filed with the EEOC, plaintiff's charge was cross filed with the West Virginia Human Relations Commission (WVHRA).

6.      The EEOC issued right to sue letters on September 20, 2022, in response to Plaintiff's Charges of Discrimination. True and correct copies of the right to sue letters are attached hereto as Exhibit A.

7.      The West Virginia Human Rights Commission issued a right to sue letter on December 14, 2022.

### III. PARTIES

8.      Plaintiff Mark R. Lee, MD, PhD, MBA, FAANS, FACS (Dr. Lee) is an adult male who presently resides in the state of Texas.  At the time of the incident upon which this lawsuit is based, plaintiff was a resident of the state of West Virginia.

9.      West Virginia University (WVU) is a higher education institution with an address of 1500 University Ave Morgantown, WV 26506.

10.    West Virginia University School of Medicine (hereinafter WVUSOM) is a higher education institution with an address of 1 Medical Center Drive Morgantown, WV 26506.  It is the professional school for the study of medicine and other health professions at West Virginia University.

11.    At all times relevant to the actions set forth in this Complaint, Dr. Clay Marsh served as the Executive Dean of Health Sciences and Dean of the WVU School of Medicine.

12.    Hereinafter, West Virginia University and West Virginia University School of Medicine will be referred to collectively as "WVU Defendants."

13.    West Virginia Medical Corporation d/b/a University Health Associates (hereinafter UHA) is a private, not-for-profit corporation which employs clinical faculty members of the West Virginia University School of Medicine and Dentistry and also advanced practice and other allied health providers. UHA operates and staffs clinics and hospitals throughout West Virginia and surrounding states and has an address of 1075 Van Voorhis Road, Suncrest Executive Plaza #100 Morgantown, WV 26505.

14.    UHA serves as a clinical practice plan for the faculty of the West Virginia University School of Medicine.

15.    Upon information and belief, contractual relationships with both WVU and UHA were required for all faculty members of WVU's School of Medicine.

16.    Following, upon information and belief, Dr. Clay Marsh, as a faculty member of WVU School of Medicine, likewise, has an employment contract with UHA for purposes of his clinical practice.

**IV. STATEMENT OF CLAIM**

17.     Dr. Lee was heavily recruited by the School of Medicine at the Robert C. Byrd Health Sciences Center of West Virginia University.

18.     At the time that the recruitment process began, Dr. Lee lived and practiced medicine in Austin, Texas serving in multiple roles as a pediatric neurosurgeon for the Seton Healthcare Family, a co-Director of the Dell Children's Comprehensive Epilepsy Program, the Chief of Pediatric Neurosurgery and Pediatric Specialty Services, and a Professor in the Department of Surgery and Pediatrics for the Dell Medical School at the University of Texas at Austin.

19.     As part of WVU's recruitment of Dr. Lee, Dr. Ali Rezai, who presently serves as the Executive Chair of the WVU Rockefeller Neuroscience Institute (RNI), contacted Dr. Lee seeking his application for the position of Chair of the Department of Neurosurgery.

20.     Further, as part of WVU's recruitment efforts, Dr. Lee met with WVU's president, Gordon Gee, the Executive Dean of Health Sciences and Dean of WVU's School of Medicine, Dr. Clay Marsh, as well as Judie Charlton, M.D., CEO and President of UHA.

21.     The WVU Defendants presented Dr. Lee's future role as Chair of the Department of Neurosurgery as a position that would encompass a significant leadership opportunity within the RNI and School of Medicine and would include entrepreneurial opportunities.

22.     By letter dated May 22, 2018, UHA confirmed that Dr. Lee's leadership role as Chair of the Department of Neurosurgery was a five (5) year commitment by University Health Associates.

23.     In that same letter, UHA stated that the position would have a key leadership role in developing the Neuroscience signature program within the clinical enterprise.

24.     WVU and UHA's commitment to a five-year term was consistent with the West Virginia University Faculty Rules, Policies, and Procedures, which provides that department chairs can be appointed for terms up to five years with options for renewal thereafter.

25.     The Faculty Rules, Policies, and Procedures further state, "Renewal is possible following five-year 360-degree reviews with input from faculty and staff in the department, college and university administrators and other important constituents to the department."

26.     Dr. Lee accepted the position of Chair of the Department of Neurosurgery at WVU's School of Medicine.

27.     At the time that Dr. Lee accepted this position, he was fifty-nine (59) years old.

28.     By letter dated May 29, 2018, WVU's offer and Dr. Lee's acceptance of the administrative appointment as Chair of the Department of Neurosurgery within the School of Medicine at the Robert C. Byrd Health Sciences Center of West Virginia University was formalized. See Exhibit B, May 29, 2018, letter.

29.     Dr. Lee also served as a clinical faculty member which involved coordination with both WVU and UHA.

30.     Dr. Lee's signed employment contract with WVU provides that he is an employee of West Virginia University with faculty appointment in effect though his annual contract period August 31, 2018, through June 30, 2019, subject to reappointment. Exhibit B, p. 1.

31.     Pursuant to his contract with WVU, Dr. Lee was also required to sign a separate Professional Services Agreement with UHA. Exhibit B, p. 2.

32.    Dr. Lee's employment contract with WVU states that a percentage of his annual salary for his role as Chair of the Department of Neurosurgery would be paid by UHA. Exhibit B, p. 5.

33.    Dr. Lee's employment contract with WVU also states that thirty days after being employed with the WVU School of Medicine, Dr. Lee would receive a signing bonus from UHA. Exhibit B, p. 6.

34.    On August 31, 2018, Dr. Lee signed a Professional Service Agreement (PSA) with UHA outlining the terms and agreement of Dr. Lee's employment with UHA.  See Exhibit C, 2018-2019 Professional Services Agreement Physician Faculty Full Time.

35.    The PSA between Dr. Lee and UHA states that UHA serves as a clinical practice plan for the Faculty of the West Virginia University School of Medicine. Exhibit C, p. 1.

36.    The PSA also states that "UHA provides a full range of business management services to members of the Faculty of the WVUSOM [WVU School of Medicine] with respect to such members' clinical practices, including, but not limited to billing, collection, and compensation for such Faculty's clinical services." Exhibit C, p. 1.

37.    The PSA also states that a faculty member such as Dr. Lee is a full-time Faculty member of the WVU School of Medicine as well as a full-time employee of the UHA. Exhibit C.

38.    In fact, a condition precedent for Dr. Lee to execute the PSA with UHA was that he be a full-time member of the Faculty and a full-time employee of the WVUSOM [WVU School of Medicine]. Exhibit C, Section 2(a).

39.    Upon executing the PSA, Dr. Lee agreed to "provide such medical professional services and coverage within Physician's specialty and perform such other clinical duties as

directed by the Department Chair and Chief Medical Officer of UHA ("CMO") in consultation with the Executive Dean of the WVUSOM ("Dean")." Exhibit C, Section 1(c).

40.     The PSA entered between Dr. Lee and UHA included an automatic renewal provision stating that the PSA automatically renewed for successive terms of one (1) year each unless one party gives the other notice of such party's intention not to renew the PSA at least ninety (90) days prior to the end of the then current term. Exhibit C, Section 6(a).

41.     As such, UHA was required to give notice of its intention not to renew the PSA by March 31st of any calendar year or the PSA renewed automatically.

42.     Thus, at all times relevant to Dr. Lee's role as the Chair of the Neurosurgery Department at WVU School of Medicine, Dr. Lee was jointly employed by WVU and UHA, with a five-year commitment.

43.     Following acceptance of the position, Dr. Lee successfully took on the roles as the primary leader for clinical and educational neurosurgical programs on four campuses as contemplated by WVU, UHA, and Dr. Lee at the outset of his employment.

44.     Dr. Lee was highly valued, well-respected, and significantly successful as Chair of the Department of Neurosurgery within the School of Medicine, receiving praise from his colleagues, University administrators, Dr. Clay Marsh, Dr. Rezai, and President Gordon Gee, among others.

45.     Dr. Lee maintained all necessary licensing, credentialing, and board certification.

46.     In his role, Dr. Lee established additional outreach clinicals for neurosurgery exceeding agreed upon benchmarks; recruited new faculty; increased growth beyond state benchmarks for inpatient discharges, surgical volume, and outpatient visits at the WVU main

campus; exceeded block utilization standards; decreased clinic lag beyond initially stated goals; greatly improved neurosurgery mortality well beyond expectations; grew research and clinical trial opportunities; and exceeded all patient satisfaction criteria.

47.     Dr. Lee achieved most, it not all, stated benchmarks by year three of his five-year commitment.

48.     In return, Dr. Lee received favorable performance reviews and was awarded the maximum allowable bonus for a Department Chair in every year such bonuses were given.

49.     For example, in Dr. Lee's March 22, 2021, review for the academic year 2020, Dr. Lee was commended for recruiting five neurosurgeons, maintaining mortality metrics in the top 5% nationally, and for his department receiving a new NIH award and publishing fifty-four peer reviewed publications.

50.     The evaluation was signed by Dr. Michael Edmond, by then Chief Executive Officer of University Health Associates, Dr. Clay Marsh, and Albert Wright, Jr., Chief Executive Officer of the West Virginia Health System.

51.     In May of 2021, Drs. Clay Marsh and Rezai along with Dr. Edmond approached Dr. Lee to discuss a role as the Executive Director of a yet-to-be-started Pediatric Neuroscience Center of Excellence.

52.     They described that if Dr. Lee accepted the position, he would no longer be able to serve as the Chair of the Department of Neurosurgery.

53.     During discussions about the new position, while Dr. Lee expressed an interest in learning more about the position, he did not accept the position.

54.     Additionally, as part of the discussion, Dr. Clay Marsh remarkably indicated that he would like to recruit a new Chair of Neurosurgery who was "much younger" than Dr. Lee and who would have a "ten-to-fifteen-year runway" to stay in that position.

55.     Dr. Clay Marsh also commented that the new Chair of Neurosurgery should be an individual who is taking on his or her first Chair position.

56.     Despite these concerning statements focusing on age, Dr. Lee considered the position and expressed to Dr. Clay Marsh that he sought to learn more information about the terms and compensation for the new position if he were to transition from his significant role and no longer serve as Chair.

57.     In June of 2021, Dr. Lee informed Dr. Rezai that he would not accept the Executive Director position of a yet-to-be-started Pediatric Neuroscience Center of Excellence and would remain in his role as Chair of the Department of Neurosurgery in the WVU School of Medicine.

58.     Shortly thereafter, Dr. Clay Marsh advised Dr. Lee that even though Dr. Lee would not move into the new pediatric role, WVU was looking to find another Chair of the Department of Neurosurgery and requested that Dr. Lee assist in the transition to be effective at the end of 2022, shocking Dr. Lee in that not only was he no longer wanted, but he also had to help find his replacement.

59.     During this conversation, Dr. Clay Marsh again repeated that he desired to recruit someone younger and earlier in their career with energy to take Dr. Lee's position as Chair.

60.     At this point, Dr. Lee realized that his age had apparently become an issue relative to his continued employment as Chair of the Department of Neurosurgery at WVU's School of Medicine.

61.    Dr. Clay Marsh's age-related comments caused Dr. Lee great discomfort, particularly when coupled with WVU's attempts to change his career trajectory at the University, significantly impacting Dr. Lee's future and affecting him personally.

62.    As a result, Dr. Lee hired counsel to negotiate terms to transition out of his role as Chair.

63.    In that process, the age-based discriminatory comments and actions were reported, through letters on July 29, 2021, and August 12, 2021, to University officials and their counsel.

64.    Following the reporting of these discriminatory comments made by Dr. Clay Marsh, Dr. Lee was retaliated against through hastening the timing of Dr. Lee's previously proposed transition.

65.    Specifically, on August 18, 2021, WVU informed Dr. Lee, through counsel, that his position as Chair would no longer be considered for transition in August of 2022 but instead, he would be immediately removed from his position of Chair as of September 1, 2021.

66.    In the August 18, 2021, communication, WVU provided no explanation surrounding its unilateral decision to remove Dr. Lee from his position as Chair, and to date, WVU has not given Dr. Lee a basis for his removal as Chair.

67.    Dr. Lee was terminated as the Chair of the Department of Neurosurgery and as professor in the WVU School of Medicine and downgraded from a 1.0 full-time equivalent (FTE) with full benefits to being a courtesy faulty member providing clinical services at only a .40 FTE without benefits, a move which impacted Dr Lee financially but also sent a message throughout WVU and UHA that detrimentally affected Dr. Lee's stellar reputation.

68.     Notably, pursuant to the University's Faculty Handbook, any decision to not renew a faculty appointment must have been made prior to the end of the academic year (in this case June of 2021) with notice being required.

69.     By the terms of his PSA, any notice of non-renewal of his existing contract had to be given by March 30, 2021.

70.     WVU and UHA did not provide Dr. Lee with timely notice of non-renewal.

71.     As such, Dr. Lee's faculty appointment automatically renewed for the 2021-22 academic year at the time that WVU and UHA removed him from his position of employment.

72.     Dr. Clay Marsh and Dr. Rezai told Dr. Lee's department colleagues and others at the University that Dr. Lee requested an end to the employment relationship, which was false and intentionally misleading.

73.     Following Dr.  Clay Marsh's and Dr. Rezai's untrue statements about the reason for Dr. Lee's department, Dr. Lee has been required to respond to inquiries about this transition and correct the misstatements, acknowledging that he was removed by Dr. Clay Marsh and Rezai from the position of Chair without a legitimate reason.

74.     News of his removal as Chair spread beyond the WVU campus to others in the field across the nation, requiring Dr. Lee to suffer humiliation in having to publicly address this unwarranted and inappropriate action.

75.     On August 20, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against the Defendants, alleging discrimination based on age and retaliation in response to making a complaint of age discrimination. Plaintiff's charge was cross filed with the West Virginia Human Relations Commission (WVHRC).

76. Dr. Lee also reported Dr. Clay Marsh's age-based comments to the Human Resources Department at the University, to the individual to whom Dr. Lee was told handled the Department of Neurosurgery, who took no action, except to apologize that this had occurred.

77. Dr. Lee further lodged a Complaint with the Office of Equity Assurance for the University, which initiated an investigation but, to date, has not completed any investigation, as Dr. Lee was never provided a report or information on any findings related to his complaint.

78. Additionally, Dr. Lee filed a Faculty Grievance in response to Dr. Clay Marsh's age-based comments.

79. While the grievance procedure began, it was held in abeyance while the parties attempted to resolve their differences.

80. No administrative agency has ever issued any substantive findings on any investigation.

81. Dr. Lee was removed from his physical office that he utilized while serving as the Chair and given limited office space with reduced and limited administrative assistance following his demotion.

82. During his time as Chair, Dr. Lee also engaged in entrepreneurial activities, but following his demotion, the University no longer supported those efforts in the same manner.

83. The Interim Chair for the Department of Neurosurgery, who previously worked under Dr. Lee, began, reportedly at the direction of Drs. Marsh and Rezai, to micromanage the schedule and performance of Dr. Lee.

84.    While Dr. Lee appropriately performed his duties as a .40 FTE, the circumstances surrounding his treatment by Drs. Clay Marsh and Rezai and endorsed by others in leadership at the University and UHA, created an untenable situation for him to remain at WVU.

85.    As a result of his discriminatory and retaliatory treatment, Dr Lee was constructively discharged and left WVU on January 19, 2022.

86.    Upon request, the EEOC issued right to sue letters on September 20, 2022, in response to Dr. Lee's Charges of Discrimination.

87.    The WV HRC issued Dr. Lee a right to sue letter dated December 14, 2022. A true and correct copy of the right to sue letter is attached hereto as Exhibit D.

88.     WVU replaced Dr. Lee as Chair of the Department of Neurosurgery with the individual who served as Interim Chair, Dr. Peter Konrad, but did not transition  the same significant level of duties performed by Dr. Lee to this individual.

89.    Instead, the duties which Dr. Lee handled as Chair of the Department of Neurosurgery and as a clinical faculty member were reassigned to multiple individuals, including Dr. Rob Marsh, who is substantially younger than Dr. Lee, and persons who did not have the same level of academic and administrative experience and success as Dr. Lee.

90.    Effectively, three individuals, including Dr. Konrad, Dr. Rob Marsh and Dr. David Adelson now handle the roles and responsibilities once held by Dr. Lee alone.

**V. CLAIMS FOR RELIEF**

**COUNT I**
**AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT**
**AGAINST DEFENDANT UHA**

91.    Plaintiff incorporates by reference the averments contained in the preceding paragraphs as though fully set forth herein.

92.    Defendant UHA has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and/or procedures in discriminating against Dr. Lee with respect to compensation, terms, conditions, or privileges of employment in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 623(a).

93.    At all times relevant hereto, Dr. Lee was over the age of forty years old and was an employee of UHA.

94.    At all times relevant hereto, Dr. Lee was an employee under the Age Discrimination in Employment Act of 1967.

95.    At all times relevant hereto, UHA was an employer under the Age Discrimination in Employment Act of 1967.

96.    At all times relevant hereto, WVU was a joint employer with UHA of Dr. Lee.

97.    At all times relevant hereto, Dr. Lee was qualified to perform the duties of his position through his education, training, and previous employment as well as leadership experiences.

98.    While he held the position of Chair of the Neurosurgery Department at West Virginia University School of Medicine, Dr. Lee's reviews noted positive feedback and statements confirming that he was meeting and exceeding the agreed upon benchmarks for the position.

99.     Dr. Lee suffered an adverse employment action through the statements of Dr. Clay Marsh who told Dr. Lee that the West Virginia University School of Medicine sought to replace him as Chair of the Department of Neurosurgery because the School wanted an individual in the position who was "much younger" than Dr. Lee and who would have a "ten-to-fifteen-year runway" to stay in that position.

100.    Upon information and belief, Dr. Clay Marsh, like Dr. Lee, is an employee of UHA as well as WVU as a faculty member of WVU's School of Medicine with a clinical practice.

101.    Further, Dr. Lee suffered an adverse employment action when he was terminated from his position as Chair of the Department of Neurosurgery prior to the conclusion of his employment contract.

102.    Dr. Lee additionally suffered an adverse employment action when he was downgraded from a 1.0 full-time equivalent (FTE) with full benefits to a courtesy faulty member providing clinical services at a .40 FTE without benefits.

103.    Such actions undertaken by UHA and its employees constitute age discrimination under the Age Discrimination in Employment Act because: 1) Dr. Lee is over the age of forty, 2) UHA's employees were aware of Dr. Lee's age, 3) Dr. Lee satisfactorily performed his duties as Chair of the Department of Neurosurgery at West Virginia University School of Medicine, 4) Dr. Clay Marsh told Dr. Lee, multiple times, that the School of Medicine sought to replace him with someone younger who would be in the position a longer time, 5) WVU and UHA unilaterally and prematurely terminated Dr. Lee's employment contract.

104.    Dr. Lee has suffered direct harm as a result of UHA's violation of the ADEA with substantial damages as set forth hereinafter.

**COUNT II**
**AGE DISCRIMINATION IN VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT AGAINST THE WVU DEFENDANTS AND DEFENDANT UHA**

105.    Plaintiff incorporates by reference the averments contained in the preceding paragraphs as it fully set forth herein.

106.    WVU Defendants and Defendant UHA have intentionally and willfully engaged in a series of unlawful acts, practices, policies, and/or procedures in discriminating against Plaintiff with respect to compensation, terms, conditions, or privileges of employment in violation of Section 5-11-9 of the West Virginia Human Rights Act (WVHRA).

107.    At all times relevant hereto, Dr. Lee was an employee of the WVU Defendants and UHA over the age of forty years old.

108.    At all times relevant hereto, Dr. Lee was an employee pursuant to the definitions set forth in Section 5-11-3 of the WVHRA.

109.    At all times relevant hereto, WVU was an employer pursuant to the definitions set forth in Section 5-11-3 of the WVHRA.

110.    At all times relevant hereto, UHA was an employer pursuant to the definitions set forth in Section 5-11-3 of the WVHRA.

111.    At all times relevant hereto, Dr. Lee was qualified to perform the duties of his position through his education, training, and previous employment as well as leadership experiences.

112.    While he held the position of Chair of the Department of Neurosurgery at WVU School of Medicine, Dr. Lee's reviews noted positive feedback and statements confirming that he was meeting and exceeding the agreed upon benchmarks for the position.

113.    Dr. Lee suffered an adverse employment action through the statements of Dr. Clay Marsh who told Dr. Lee that the West Virginia University School of Medicine sought to replace him as Chair of the Department of Neurosurgery because the School wanted an individual in the position who was "much younger" than Dr. Lee and who would have a "ten-to-fifteen-year runway" to stay in that position.

114.    Upon information and belief, Dr. Clay Marsh, like Dr. Lee, is an employee of UHA as well as the WVU Defendants as a faculty member of WVU's School of Medicine with a clinical practice.

115.    Further, Dr. Lee suffered an adverse employment action when he was terminated from his position as Chair of the Department of Neurosurgery prior to the conclusion of his employment contract.

116.    Dr. Lee, additionally, suffered an adverse employment action when he was downgraded from a 1.0 full-time equivalent (FTE) with full benefits to a courtesy faulty member providing clinical services at a .40 FTE without benefits.

117.    Such actions undertaken by WVU, UHA, and its employees constitute intentional and willful discrimination under the Section 5-11-9 because: 1) Dr. Lee is over the age of forty, 2) WVU's employees were aware of Dr. Lee's age, 3) Dr. Lee satisfactorily performed his duties as Chair of the Department of Neurosurgery at West Virginia University School of Medicine, 4) Dr. Clay Marsh told Dr. Lee, multiple times, that the School of Medicine sought to replace him with someone younger who would be in the position a longer time, 5) WVU and UHA unilaterally and prematurely terminated Dr. Lee's employment contract.

118.    Dr. Lee has suffered direct harm as a result of WVU's and UHA's violations of the WVHRA substantial damages as set forth hereinafter.

## COUNT III
### RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AGAINST DEFENDANT UHA

119.    Plaintiff incorporates by reference the averments contained in the preceding paragraphs as it fully set forth herein.

120.    At all times relevant hereto, Dr. Lee was an employee under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 623(d).

121.    At all times relevant hereto, UHA was an employer under the ADEA.

122.    By letter dated July 29, 2021, Dr. Lee reported Dr. Clay Marsh's age-based, discriminatory comments to University officials.

123.    When Dr. Lee reported Dr. Clay Marsh's age-based, discriminatory comments to University officials, he opposed a practice made unlawful by the ADEA pursuant to 29 U.S.C. § 623(d).

124.    After Dr. Lee engaged in protected activity under the ADEA, Defendant UHA, in conjunction with the WVU Defendants, took adverse action against Dr. Lee in removing him from his position as Chair of the Department of Neurosurgery.

125.    In direct response to Dr. Lee reporting the age based, discriminatory comments to University officials, on August 18, 2021, Dr. Lee was immediately removed from his position of Chair as of September 1, 2021.

126.    Further, immediately after Dr. Lee reported the age based, discriminatory comments to University officials, UHA downgraded Dr. Lee's 1.0 full-time equivalent (FTE) with

full benefits to a courtesy faulty member providing clinical services only at a .40 FTE without benefits.

127.    The temporal proximity to Dr. Lee's engaging in protected activity constitutes discrimination and retaliation.

128.    Dr. Lee has been directly harmed by UHA's direct violation of the ADEA in retaliating against him with substantial damages as set forth hereinafter.

**COUNT IV**
**RETALIATION IN VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT AGAINST THE WVU DEFENDANTS AND DEFENDANT UHA**

129.    Plaintiff incorporates by reference the averments contained in the preceding paragraphs as it fully set forth herein.

130.    At all times relevant hereto, Dr. Lee was an employee pursuant to the definitions set forth in Section 5-11-3 of the WVHRA.

131.    At all times relevant hereto, the WVU Defendants were an employer pursuant to the definitions set forth in Section 5-11-3 of the WVHRA.

132.    At all times relevant hereto, UHA was an employer pursuant to the definitions set forth in Section 5-11-3 of the WVHRA.

133.    By letter dated July 29, 2021, Dr. Lee reported Dr. Clay Marsh's age-based, discriminatory comments to University officials.

134.    When Dr. Lee reported Dr. Clay Marsh's age-based, discriminatory comments to University officials, he engaged in protected activity under the WVHRA pursuant to W. Va. Code Section 5-11-9(7)(C).

135.    After Dr. Lee engaged in protected activity under the WVHRA, WVU Defendants and Defendant UHA removed Dr. Lee from his position as Chair of the Department of Neurosurgery.

136.    In direct response to Dr. Lee reporting the age based, discriminatory comments to University officials, on August 18, 2021, WVU Defendants intentionally and willfully acted to immediately remove Dr. Lee from his position of Chair. informing him that this would take place as of September 1, 2021.

137.    Additionally, in direct response to Dr. Lee reporting the age based, discriminatory comments to University officials, on August 18, 2021, Dr. Lee's downgrade from a 1.0 full-time equivalent (FTE) with full benefits to a courtesy faulty member providing clinical services only at a .40 FTE without benefits was accelerated to occur on September 1, 2021.

138.    The temporal proximity to Dr. Lee's engagement of protected activity constitutes intentional and willful discrimination and retaliation.

139.    Dr. Lee has been directly harmed by WVU Defendant's and UHA's direct violation of the WVHRA with substantial damages as set forth hereinafter.

<u>**COUNT V**</u>
**BREACH OF CONTRACT AGAINST DEFENDANT UHA**

140.    Plaintiff incorporates by reference the averments contained in preceding paragraphs as it fully set forth herein.

141.    Pursuant to his employment relationship with UHA, Dr. Lee and UHA executed a Professional Services Agreement. *See* Exhibit C.

142.    The PSA executed by Dr. Lee and UHA contained the following language: "[t]his Agreement shall automatically renewal for successive terms of one (1) year each unless one party

gives to the other written notice of such party's intention not to renew this Agreement at least ninety (90) days prior to the end of the then current term." Exhibit C, Section 6(a).

143.    On August 18, 2021, Dr. Lee was informed that his position as Chair of the Department of Neurosurgery would end on September 1, 2021 although no writing was issued describing any bases for the same.

144.    At that time, Dr. Lee was downgraded from a 1.0 full-time equivalent (FTE) with full benefits to being only a courtesy faulty member providing clinical services at a .40 FTE without benefits.

145.    UHA did not provide Dr. Lee with the requisite ninety (90) day notice period for termination of his fulltime employment with UHA.

146.    UHA's termination of Dr. Lee's fulltime employment and benefits constitutes a breach of the PSA entered between Dr. Lee and UHA.

147.    Dr. Lee has been damaged by UHA's termination through loss of employment salary and benefits, loss of entrepreneurial opportunities, reputational harm, and humiliation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dr. Mark Lee respectfully request that this Honorable Court grant the following relief:

a)    Award Plaintiff monetary damages for the loss of remaining compensation of his contracts with WVU and UHA for his role as Chair of the Department of Neurosurgery of WVU through August 31, 2023, in the amount of $2,243,846;

b)    Monetary damages for the loss of benefits for the remaining years of his clinical faculty contracts existing with WVU and UHA through 2023 including healthcare, retirement, and any other employee benefits;

c)      Compensatory damages to Dr. Lee for the loss of opportunity for continued service and reappointment as Chair and loss of opportunity to serve as Chair elsewhere due to actions taken against him and his reputation within his field;

d)      Compensatory damages in the form of lost future earnings, including but not limited to as a Chair and in entrepreneurial opportunities, which have been diminished or lost;

e)      Compensatory damages to compensate plaintiff for the reputational harm and humiliation he has suffered;

f)      Punitive damages, pre and post judgment interest, costs of suit and attorneys' fees as allowed by law; and

g)      Any other award of relief that the court finds just and proper.

Respectfully submitted,

JONESPASSODELIS, PLLC

By: s/Constantine J. Passodelis
        CONSTANTINE J. PASSODELIS, Esquire
        WV I.D. #6260
        Email: dpassodelis@jonespassodelis.com

        MARIE MILIE JONES, Esquire
        WV I.D. #6442
        Email: mjones@jonespassodelis.com
        (Motion for admission to Northern District
        forthcoming)

        FRANCESCA M. MILLER, Esquire
        WV I.D. #13129
        Email: fmiller@jonespassodelis.com

        Gulf Tower, Suite 3410
        707 Grant Street
        Pittsburgh, PA  15219
        Phone: (412) 315-7272
        Fax: (412) 315-7273

        Counsel for Plaintiff