```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MARK R. LEE, M.D.,**

    **Plaintiff,**

**v.**     **CIVIL ACTION NO. 1:22-CV-156**
                                        **(KLEEH)**

**WEST VIRGINIA UNIVERSITY, WEST VIRGINIA**
**UNIVERSITY SCHOOL OF MEDICINE, and**
**WEST VIRGINIA UNIVERSITY MEDICAL CORPORATION,**
**d/b/a University Health Associates,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS [ECF NO. 12], DENYING AS MOOT MOTION TO STAY [ECF NO. 15] AND DENYING MOTION TO STRIKE [ECF NO. 25]**

On December 16, 2022, the plaintiff, Dr. Mark Lee ("Dr. Lee") commenced this employment discrimination action against the defendants, West Virginia University ("WVU"), West Virginia University School of Medicine ("WVUSOM"),[1] and West Virginia University Medical Corporation doing business as University Health Associates ("UHA"). There are three motions pending before the Court: (1) the WVU defendants' motion to dismiss Dr. Lee's claims against them for lack of jurisdiction and failure to state a claim; (2) the WVU defendants' motion to strike Dr. Lee's response to their motion to dismiss as untimely; and (3) the joint motion of the WVU defendants and UHA to stay the Court's Scheduling Order.

---

[1] West Virginia University and West Virginia University School of Medicine are referred to collectively herein as "the WVU defendants."

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS [ECF NO. 12], DENYING AS MOOT MOTION TO STAY [ECF NO. 15], AND DENYING MOTION TO STRIKE [ECF NO. 25]**

These motions are fully briefed and ripe for review. For the reasons that follow, the Court **DENIES** the motion to strike [ECF No. 25], **GRANTS** the motion to dismiss [ECF No. 12], and **DENIES AS MOOT** the motion to stay [ECF No. 15].

## I.   Factual Allegations

Dr. Lee is a pediatric neurosurgeon who became a member of the WVUSOM faculty in 2018 [ECF No. 1 at ¶¶ 18, 22].[2] After being heavily recruited by the WVU defendants, UHA, and prominent members of the WVU community, he accepted the position of Chair of the Department of Neurosurgery and also agreed to serve as a clinical faculty member. Id. at ¶¶ 22, 26. At that time, he was fifty-nine years old. Id. at ¶ 27. Dr. Lee was jointly employed by WVU and UHA, the clinical practice plan for the faculty of the WVUSOM; he served as a full-time faculty member of the WVSOM as well as a full-time employee of UHA. Id. at ¶¶ 37, 42. As such, he entered separate employment contracts with both. Id. at ¶¶ 14-15.

His WVU contract, dated May 31, 2018, stated that Dr. Lee had been appointed Chair of Neurosurgery and Clinical Faculty Professor in the Department of Neurosurgery [ECF No. 1-2 at 2]. It provided that his appointment would begin on August 31, 2018,

---

[2] As it must, the Court construes the following facts in the light most favorable to Dr. Lee. See De'Lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013).

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS [ECF NO. 12], DENYING AS MOOT MOTION TO STAY [ECF NO. 15], AND DENYING MOTION TO STRIKE [ECF NO. 25]**

and remain in effect until June 30, 2019, subject to renewal. Id. at 5. It further required Dr. Lee to enter UHA's Professional Services Agreement ("PSA") [ECF Nos. 1-2 at 3; 1-3 at 10].

This PSA outlined Dr. Lee's duties and obligations as a UHA physician [see ECF No. 1-3]. It indicated that his term of employment would run from August 31, 2018, through June 30, 2019. Id. at 5. His term of employment would automatically renew for successive one-year terms unless either party gave written notice of their intent not to renew the agreement at least ninety (90) days prior to the end of the then-current term. Id.

According to Dr. Lee, he excelled as Chair of Neurosurgery [ECF No. 1 at ¶¶ 43-50]. He not only maintained all necessary licensing, credentialling, and board certification but he also

> established additional outreach clinicals for neurosurgery exceeding agreed upon benchmarks; recruited new faculty; increased growth beyond state benchmarks for inpatient discharges, surgical volume, and outpatient visits at the WVU main campus; exceeded block utilization standards; decreased clinic lag beyond initially stated goals; greatly improved neurosurgery mortality well beyond expectations; grew research and clinical trial opportunities; and exceeded all patient satisfaction criteria.

Id. at ¶¶ 45-46. By his third year, he had achieved most, if not all, of the stated benchmarks and also had received favorable performance reviews and been awarded the maximum allowable bonus each year. Id. at ¶¶ 47-50.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS [ECF NO. 12], DENYING AS MOOT MOTION TO STAY [ECF NO. 15], AND DENYING MOTION TO STRIKE [ECF NO. 25]**

Then, in May 2021, Dr. Lee was approached by Dr. Clay Marsh, Executive Dean of Health Sciences at WVU and Dean of the WVUSOM; Dr. Ali Rezai, Executive Chair of the WVU Rockefeller Neuroscience Institute ("RNI"); and Dr. Michael Edmond, the Chief Executive Officer of UHA, about becoming the Executive Director of the soon-to-be-started Pediatric Neuroscience Center of Excellence. Id. at ¶ 51. They explained that if Dr. Lee accepted this position, he could no longer serve as the Chair of Neurosurgery. Id. at ¶ 52. During this discussion, Dr. Marsh indicated his desire to recruit a "much younger" Chair who could stay in the position for ten (10) to fifteen (15) years and who would be assuming their first Chair position. Id. at ¶¶ 54-55.

Dr. Lee initially expressed interest in the Executive Director position but ultimately declined in June 2021. Id. at ¶¶ 53, 56-57. Nevertheless, Dr. Marsh advised Dr. Lee that he would still be replacing Dr. Lee with a younger Chair of Neurology who would transition into the role in August 2022. Id. at ¶¶ 58-59. He also asked Dr. Lee to participate in the search. Id.

Upon realizing that his age had become a factor in losing his position as Chair of Neurosurgery, Dr. Lee reported Dr. Marsh's age-based discriminatory comments and actions to WVU by letters on July 29, 2021, and August 12, 2021. Id. at ¶¶ 60-63. He also

Case 1:22-cv-00156-TSK   Document 31   Filed 04/20/23   Page 5 of 18   PageID #: 215

**LEE V. WVU ET AL.**                                                                       **1:22CV156**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
[ECF NO. 12], DENYING AS MOOT MOTION TO STAY [ECF NO. 15],
AND DENYING MOTION TO STRIKE [ECF NO. 25]**

reported the conduct to WVU's Human Resources Department, lodged a Complaint with WVU's Office of Equity Assurance, and filed a Faculty Grievance. Id. at ¶¶ 76-78. Further, on August 20, 2021, Dr. Lee filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against the WVU defendants and UHA alleging age-based discrimination and retaliation. Id. at ¶ 75. He filed the same claim with the West Virginia Human Rights commission ("WVHRC"). Id.

Dr. Lee suffered several adverse employment actions in retaliation. First, on August 18, 2021, the WVU defendants informed Dr. Lee that he would not be allowed to transition out of the Chair position in August 2022, but instead would be removed effective September 1, 2021. Id. at ¶¶ 64-66. This expedited removal without cause violated the notice provisions of the PSA and the WVU faculty handbook. Id. at ¶¶ 68-70. Second, he was terminated as Professor at the WVUSOM and "downgraded from a 1.0 full-time equivalent (FTE) with full benefits to being a courtesy faculty member providing clinical services at only a .40 FTE without benefits." Id. at ¶ 67. Third, the WVU defendants removed Dr. Lee from the physical office he used as Chair and gave him limited office space with reduced and limited administrative assistance following his demotion. Id. at ¶ 81. Finally, the WVU

Case 1:22-cv-00156-TSK   Document 31   Filed 04/20/23   Page 6 of 18   PageID #: 216

**LEE V. WVU ET AL.**                                              **1:22CV156**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
[ECF NO. 12], DENYING AS MOOT MOTION TO STAY [ECF NO. 15],
AND DENYING MOTION TO STRIKE [ECF NO. 25]**

defendants no longer supported his entrepreneurial activities and assigned one of his prior subordinates to micromanage his schedule and performance.  Id. at ¶¶ 82-83.

As a result of this age-based discrimination and retaliation, Dr. Lee was constructively discharged and left WVU and UHA on January 19, 2022.  Id. at ¶ 85.  Although the WVU defendants appointed an interim Chair, it distributed Dr. Lee's duties among three faculty members.  Id. at ¶¶ 88-90.  According to Dr. Lee, the WVU defendants have spread false and misleading information about his discharge, which has harmed his reputation within the WVU community and beyond.  Id. at ¶¶ 71-74.

## II.  Procedural History

The EEOC and the WVHRC issued right to sue letters on September 20, 2022, and December 14, 2022, respectively [ECF Nos. 1-1, 1-4].  Thereafter, Dr. Lee commenced this action asserting five causes of action [ECF No. 1].  In Counts I and III, he alleges that UHA's discriminatory acts and retaliation violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a).  Id. at ¶¶ 91-104, 119-128.  In Counts II and IV, he alleges that the discrimination and retaliation of the WVU defendants and UHA also violated the West Virginia Human Rights Act ("WVHRA"), W. Va. Code § 5-11-3.  Id. at ¶¶ 105-118, 129-139.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS [ECF NO. 12], DENYING AS MOOT MOTION TO STAY [ECF NO. 15], AND DENYING MOTION TO STRIKE [ECF NO. 25]**

In Count V, Dr. Lee alleges that UHA breached the PSA by terminating his full-time employment without notice. Id. at ¶¶ 140-147.

As relief, Dr. Lee seeks monetary damages for the compensation and benefits he should have received under his contracts with WVU and UHA in his role as Chair through August 31, 2023. Id. at p. 21. He also requests compensatory damages for the loss of the opportunity to continue serving as Chair, to be reappointed, or to serve as Chair elsewhere, as well as the loss of future earnings, reputational harm, and humiliation. Id. Finally, Dr. Lee seeks punitive damages, pre- and post-judgment interest, costs, and attorneys' fees. Id.

The WVU defendants moved to dismiss Counts II and IV, contending that they are immune from Dr. Lee's claims [ECF No. 12]. Shortly thereafter, the Court entered its Scheduling Order [ECF No. 14], and the WVU defendants and UHA jointly moved to stay discovery pending a ruling on the motion to dismiss [ECF No. 15]. After Dr. Lee responded to the motion to dismiss [ECF No. 22], the WVU defendants moved to strike his brief [ECF No. 25].

### III. Motion to Strike

The Court first must address the pending motion to strike. The WVU defendants filed their motion to dismiss on February 28,

Case 1:22-cv-00156-TSK   Document 31   Filed 04/20/23   Page 8 of 18   PageID #: 218

**LEE V. WVU ET AL.**                                                                 **1:22CV156**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS [ECF NO. 12], DENYING AS MOOT MOTION TO STAY [ECF NO. 15], AND DENYING MOTION TO STRIKE [ECF NO. 25]**

2023 [ECF No. 25]. Dr. Lee responded in opposition on March 21, 2023 [ECF No. 22]. The WVU defendants now move the Court to strike this responsive pleading as untimely because it was not filed within fourteen (14) days as required by the Local Rules of Civil Procedure.

Local Rule 7.02(b)(1) states that "responses to motions shall be filed and served within fourteen (14) days from the date of service of the motion." But "the judicial officer to whom the motion is addressed may modify the times for serving memoranda." L.R. Civ. P. 7.02(b)(4).

Pursuant to Local Rule 7.02(b)(1), Dr. Lee should have filed his response no later than March 14, 2023. He contends, however, that he timely filed his brief because the Court's Scheduling Order, extended the time to respond to dispositive motions to twenty-one (21) days. In support, he points out that the Scheduling Order was issued after the WVU defendants filed their motion to dismiss but before fourteen (14) days had passed and that the WVU defendants and UHA jointly moved to stay the Scheduling Order because a dispositive motion had been filed.

The Court did not intend the Scheduling Order to extend Dr. Lee's deadline to respond to the motion to dismiss. Specifically, the Order directed the parties to complete discovery no later than

Case 1:22-cv-00156-TSK   Document 31   Filed 04/20/23   Page 9 of 18   PageID #: 219

**LEE V. WVU ET AL.**                                                    **1:22CV156**
**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS [ECF NO. 12], DENYING AS MOOT MOTION TO STAY [ECF NO. 15], AND DENYING MOTION TO STRIKE [ECF NO. 25]**

November 30, 2023, to file any dispositive motions no later than January 12, 2024, and to file any responses to such motions within 21 days [ECF No. 14 at 1]. Although the Order did not distinguish motions to dismiss from other dispositive motions, it directed the parties to file their dispositive motions after the close of discovery unless previously granted leave. Thus, the Scheduling Order's dispositive motions deadlines did not relate to the WVU defendants' pending motion to dismiss, and Dr. Lee's response in opposition was untimely.

Even so, the Court finds that Dr. Lee has demonstrated excusable neglect for filing his response within twenty-one (21) days rather than fourteen (14) days. It accordingly accepts Dr. Lee's response and **DENIES** the WVU defendants' motion to strike [ECF No. 25].

### IV.  Motion to Dismiss

The Court turns next to consider the motion to dismiss Counts II and IV of Dr. Lee's complaint [ECF No. 12]. In these counts, Dr. Lee alleges that the WVU defendants violated the WVHRA by discriminating against him on the basis on his age and by retaliating against him for reporting this discrimination. The WVU defendants contend that these claims should be dismissed because they are entitled to sovereign immunity under the Eleventh

Case 1:22-cv-00156-TSK   Document 31   Filed 04/20/23   Page 10 of 18   PageID #: 220

**LEE V. WVU ET AL.**                                                                          1:22CV156

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS [ECF NO. 12], DENYING AS MOOT MOTION TO STAY [ECF NO. 15], AND DENYING MOTION TO STRIKE [ECF NO. 25]**

Amendment.

### A.  Standards of Review

The Fourth Circuit has not yet resolved whether a motion to dismiss based on sovereign immunity is properly considered pursuant to Federal Rule of Civil Procedure 12(b)(1) or Federal Rule of Civil Procedure 12(b)(6).  See Andrews v. Daw, 201 F.3d 521, 524 n.2 (4th Cir. 2000) (collecting cases).  "The recent trend, however, appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)."  Whitmore v. W. Reg'l Jail, 2019 WL 3756396, at *2 (S.D.W. Va. July 19, 2019) (quoting Haley v. Va. Dep't of Health, 2012 WL 5494306, at *2 n.2 (W.D. Va. Nov. 13, 2012)).

#### 1.  Federal Rule of Civil Procedure 12(b)(1)

Under Rule 12(b)(1), a defendant may move to dismiss a claim for lack of subject matter jurisdiction.  If the Court lacks subject matter jurisdiction it must dismiss the action.  See Fed. R. Civ. P. 12(h)(3).  Because the Court's power to hear the case is at issue in a Rule 12(b)(1) motion, it is free to weigh the evidence to determine the existence of its jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  But when, as here, a party challenges the sufficiency-rather than truthfulness- of a complaint's allegations to sustain jurisdiction "the plaintiff, in

Case 1:22-cv-00156-TSK   Document 31   Filed 04/20/23   Page 11 of 18   PageID #: 221

**LEE V. WVU ET AL.**                                                1:22CV156

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
[ECF NO. 12], DENYING AS MOOT MOTION TO STAY [ECF NO. 15],
AND DENYING MOTION TO STRIKE [ECF NO. 25]**

effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id.

### 2. Federal Rule of Civil Procedure 12(b)(6)

A defendant may move to dismiss a complaint under Rule 12(b)(6) on the ground that it does not "state a claim upon which relief may be granted." When reviewing the sufficiency of a complaint, the district court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). "[A] complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 n.7 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

### B. Applicable Law

The Eleventh Amendment provides that "[t]he Judicial power of

Case 1:22-cv-00156-TSK   Document 31   Filed 04/20/23   Page 12 of 18   PageID #: 222

**LEE V. WVU ET AL.**                                                    **1:22CV156**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
[ECF NO. 12], DENYING AS MOOT MOTION TO STAY [ECF NO. 15],
AND DENYING MOTION TO STRIKE [ECF NO. 25]**

the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." It "largely shields States from suits in federal court without their consent, leaving parties with claims against a State to present them, if the State permits, in the State's own tribunals." Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 39 (1994). Eleventh Amendment immunity extends to state agencies and other governmental entities that can be viewed as "arm[s] of the State." Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 261 (4th Cir. 2005) (citing P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, (1993) ("[A] State and its 'arms' are, in effect, immune from suit in federal court.")).

The Fourth Circuit has identified six exceptions to the doctrine of sovereign immunity:

> First, sovereign immunity does not bar a suit where the state has given consent. Second, states remain subject to suits brought by the Federal Government or by other states. Third, Congress retains the power to abrogate the sovereign immunity of the states pursuant to the Fourteenth Amendment's Section 5 enforcement power. Fourth, sovereign immunity does not bar private suits against municipal corporations or other lesser governmental entities. Fifth is the Ex parte Young exception, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), which allows certain private suits against state officers if the suit seeks only injunctive or

Case 1:22-cv-00156-TSK   Document 31   Filed 04/20/23   Page 13 of 18   PageID #: 223

**LEE V. WVU ET AL.**                                                   **1:22CV156**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
[ECF NO. 12], DENYING AS MOOT MOTION TO STAY [ECF NO. 15],
AND DENYING MOTION TO STRIKE [ECF NO. 25]**

declaratory relief to remedy an ongoing violation of law. Sixth, state officers may be sued for money damages in their individual capacity, so long as the relief is sought from the officer personally. Alden, 527 U.S. at 755-57, 119 S.Ct. 2240.

S.C. State Ports Auth. v. Fed. Mar. Comm'n, 243 F.3d 165, 170 (4th Cir. 2001), aff'd, 535 U.S. 743 (2002).

"Because a defendant otherwise protected by the Eleventh Amendment can waive its protection, . . . sovereign immunity is akin to an affirmative defense, which the defendant bears the burden of demonstrating." See Hutto v. S.C. Ret. Sys., 773 F.3d 536, 543 (4th Cir. 2014).

**C.   Analysis**

   **1.   The WVU defendants are entitled to sovereign immunity**

Here, it is undisputed that the WVU defendants are state agencies or arms of the state which qualify for protection under the Eleventh Amendment. See Syl. Pt. 1, Univ. of W. Va. Bd. of Tr. ex rel. W. Va. Univ. v. Graf, 516 S.E.2d 741, 742 (W. Va. 1998) ("The Board of Governors of West Virginia University is a State agency, and, as such, is an arm of the State."); W. Va. Univ. Bd. of Governors ex rel. W. Va. Univ. v. Rodriguez, 543 F. Supp. 2d 526, 535 (N.D.W. Va. 2008) ("Decisions of the West Virginia Supreme Court of Appeals make it abundantly clear that West Virginia deems West Virginia University to be an arm of the state."). Thus, for

Case 1:22-cv-00156-TSK   Document 31   Filed 04/20/23   Page 14 of 18   PageID #: 224

**LEE V. WVU ET AL.**                                                    **1:22CV156**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
[ECF NO. 12], DENYING AS MOOT MOTION TO STAY [ECF NO. 15],
AND DENYING MOTION TO STRIKE [ECF NO. 25]**

the Court to have jurisdiction over Dr. Lee's claims against the WVU defendants, one of the six exceptions to sovereign immunity must apply.

The second through sixth exceptions clearly do not apply to this action. Dr. Lee brings this case as a private citizen. Congress has not abrogated West Virginia's sovereign immunity related to WVHRA claims. Dr. Lee has not sued a municipal corporation or other lesser governmental entity. Nor has he sued a state official in his official capacity to prevent an ongoing violation of federal law or a state official in their individual capacity for ultra vires conduct.

The only question for the Court then is whether the State of West Virginia has waived its immunity in this case. A state may waive its sovereign immunity by constitutional provision or statute. Westinghouse Elec. Corp. v. W. Va. Dep't of Highways, 845 F.2d 468, 470 (4th Cir. 1988). Because waiver cannot be found by implication, the state must unequivocally express its intent to submit to federal jurisdiction. Sossamon v. Texas, 563 U.S. 277, 284-85 (2011). As such, Federal courts must "indulge every reasonable presumption against" a finding that a state waived its sovereign immunity. Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 682 (1999).

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS [ECF NO. 12], DENYING AS MOOT MOTION TO STAY [ECF NO. 15], AND DENYING MOTION TO STRIKE [ECF NO. 25]**

The State of West Virginia has not consented to being sued in federal court for violations of the WVHRA. Article VI, Section 35 of the West Virginia Constitution clearly states that "[t]he State of West Virginia shall never be made defendant in any court of law or equity, except the State of West Virginia, including any subdivision thereof or any municipality therein. . . ." Although the State has adopted the WVHRA and has consented to suits alleging violations of the act before its own courts, this consent does not waive its sovereign immunity in federal courts such as this. See Westinghouse Elec. Corp., 845 F.2d at 471.

The Court therefore concludes that the State of West Virginia has not adopted any constitutional provision or statute unequivocally consenting to federal jurisdiction for violations of the WVHRA. As such, it has not waived its sovereign immunity. Because none of the exceptions apply, the Court lacks jurisdiction to resolve Dr. Lee's WVHRA claims against the WVU defendants.[3]

### 2. Supplemental jurisdiction cannot overcome sovereign immunity

Dr. Lee asserts that, despite the WVU defendants' sovereign immunity, the Court has supplemental jurisdiction over his claims pursuant to 28 U.S.C. § 1367. Specifically, he contends that he

---

[3] Alternatively, the Court finds that Dr. Lee has failed to state a claim against the WVU defendants upon which relief may be granted.

Case 1:22-cv-00156-TSK Document 31 Filed 04/20/23 Page 16 of 18 PageID #: 226

**LEE V. WVU ET AL.** 1:22CV156

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS [ECF NO. 12], DENYING AS MOOT MOTION TO STAY [ECF NO. 15], AND DENYING MOTION TO STRIKE [ECF NO. 25]**

must be permitted to proceed with his claims against the WVU defendants because he has viable state and federal claims against UHA arising from a common nucleus of operative fact. The Supreme Court of the United States already has dismissed this argument.

Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . ." But, as the Supreme Court has explained, this "grant of jurisdiction does not extend to claims against nonconsenting state defendants." Raygor v. Regents of the Univ. of Minn., 534 U.S. 533, 542 (2002). Accordingly, supplemental jurisdiction cannot overcome the WVU defendants' sovereign immunity and the Court lacks jurisdiction to hear Dr. Lee's claims against them.

Dr. Lee complains that requiring him to litigate his claims against the WVU defendants in state court, while he simultaneously litigates nearly identical claims against UHA in this Court does not promote judicial economy, would require the parties to expend unnecessary resources, and could result in conflicting outcomes for claims supported by identical facts. These are problems of his own creation. Dr. Lee could have filed his complaint in a

Case 1:22-cv-00156-TSK Document 31 Filed 04/20/23 Page 17 of 18 PageID #: 227

**LEE V. WVU ET AL.** 1:22CV156

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS [ECF NO. 12], DENYING AS MOOT MOTION TO STAY [ECF NO. 15], AND DENYING MOTION TO STRIKE [ECF NO. 25]**

state court which possesses the authority to resolve all of his claims, state and federal. Instead, he filed in this Court of limited jurisdiction.

**D. Summary**

The WVU defendants enjoy sovereign immunity from Dr. Lee's WVHRA claims, no exception to sovereign immunity applies, and supplemental jurisdiction cannot overcome the WVU defendants' sovereign immunity. Thus, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Court **DISMISSES WITHOUT PREJUDICE**[4] Counts II and IV of Dr. Lee's complaint as they relate to the WVU defendants.[5]

## V. Motion to Stay

The Court entered its Scheduling Order on March 9, 2023 [ECF No. 14]. The next day, the WVU defendants and UHA jointly moved to stay this Order pending a ruling on the motion to dismiss [ECF No. 15]. Based on its rulings herein, the Court **DENIES AS MOOT**

---

[4] The WVU defendants sought dismissal of Dr. Lee's claims against them with prejudice. However, "a dismissal based upon Eleventh Amendment immunity [is] without prejudice." Hong Tang v. Univ. of Baltimore, 782 F. App'x 254, 255 (4th Cir. 2019) (citing Fed. R. Civ. P. 41(b); Allen v. Cooper, 895 F.3d 337, 358 (4th Cir. 2018)).

[5] Even if the WVU defendants were not immune from Dr. Lee's claims, the Court would dismiss WVUSOM as a party to this action because it "is simply a component of West Virginia University, organized and ultimately managed by the WVU Board. As such, a suit against [WVUSOM] is a suit against the WVU Board, and [WVUSOM] cannot be subject to suit as a separate entity." Al-Asbahi v. W. Va. Univ. Bd. of Gov., 2017 WL 402983, at *9 (N.D.W. Va. Jan. 30, 2017), aff'd, 724 F. App'x 266 (4th Cir. 2018).

17

Case 1:22-cv-00156-TSK   Document 31   Filed 04/20/23   Page 18 of 18   PageID #: 228

**LEE V. WVU ET AL.**                                                                         **1:22CV156**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
[ECF NO. 12], DENYING AS MOOT MOTION TO STAY [ECF NO. 15],
AND DENYING MOTION TO STRIKE [ECF NO. 25]**

the joint motion to stay its Scheduling Order.

## VI. Conclusion

For the reasons discussed, the Court:

(1)   **DENIES** the WVU defendants' motion to strike [ECF No. 25];

(2)   **GRANTS** the WVU defendants' motion to dismiss [ECF No. 12];

(3)   **DISMISSES WITHOUT PREJUDICE** Counts II and IV of the Complaint as they relate to the WVU defendants;

(4)   **DISMISSES** the WVU defendants as parties to this action; and

(5)   **DENIES AS MOOT** the joint motion to stay [ECF No. 15].

It is so **ORDERED**.

The Clerk shall transmit copies of this Order to counsel of record by electronic means.

Dated: April 20, 2023

_/s/ Tom S Kleeh_
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA