IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

MARK R. LEE, M.D.,

        **Plaintiff**,

v.

WEST VIRGINIA UNIVERSITY, WEST VIRGINIA UNIVERISTY SCHOOL OF MEDICINE, and WEST VIRGINIA MEDICAL CORPORATION, d/b/a University Health Associates,

        **Defendants.**

CIVIL ACTION NO.: 1:22-CV-156
(JUDGE KLEEH)

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART, AND OTHERWISE HOLDING IN ABEYANBCE, PLAINTIFF'S MOTION TO COMPEL [ECF NO. 69]

Presently pending before the Court is Plaintiff's motion to compel discovery [ECF No. 69], filed on February 6, 2024. By Referral Order [ECF No. 70] entered on February 6, 2024, the Hon. Thomas S. Kleeh, Chief United States District Judge, referred the motion to the undersigned United States Magistrate Judge for hearing and disposition. The Court is in receipt of a response in opposition [ECF No. 74] filed by Defendant West Virginia University Medical Corporation d/b/a University Health Associates ("Defendant") on February 20, 2024. The Court also is in receipt of Plaintiff's reply [ECF No. 76] in support of his motion, filed on February 26, 2024. The undersigned convened a Motion Hearing, by videoconference, on March 4, 2024, at which appeared counsel for the parties.

Upon review of Plaintiff's motion, Defendant's response, and Plaintiff's reply, and receipt of the arguments of counsel at the Motion Hearing of March 4, 2024, and upon a thorough review

1

of the record and pertinent legal authority, it is hereby **ORDERED** that Plaintiff's motion is **GRANTED in part** and **DENIED in part**, and otherwise **HELD IN ABEYANCE**, as more fully set forth herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This litigation arises from an employment dispute between Plaintiff and two entities associated with West Virginia University: West Virginia School of Medicine ("WVSOM") and Defendant.[1] Defendant and WVSOM appear to be distinctly separate entities, with Defendant functioning as the clinical practice plan for WVSOM's faculty. As the clinical practice plan, Defendant is a private entity that supports faculty by handling certain administrative issues for physicians and other healthcare providers, such as collections, compensation, and finances.

Plaintiff's relationship with the two entities arose from his appointment, in 2018, as Chair of WVSOM's Department of Neurosurgery. In this role, Plaintiff also executed a Professional Services Agreement with UHA, likewise in 2018. Effectively, then, Plaintiff had positions (and employment contracts) with each entity.

Eventually, in 2021, WVSOM terminated Plaintiff as Chair of the Department of Neurosurgery. The termination from this position was effective as of September 1, 2021. However, Plaintiff continued in Defendant's employment until, Plaintiff alleges, he was constructively discharged on January 19, 2022.

Plaintiff has lodged five claims against Defendant. One is for breach of contract, and the other four are claims for age discrimination and retaliation. Plaintiff alleges that those involved in his terminations sought to replace him with someone younger who would be in the position(s) for

---

[1] WVSOM was a named defendant herein, as was West Virginia University itself, but both have been dismissed as a party-defendants. With WVSOM and West Virginia University having been dismissed herein, Plaintiff instead is pursuing claims against them in a separate civil action in Monongalia County (West Virginia) Circuit Court.

a longer time. Plaintiff also claims that his reporting of age-based comments by those in Defendant's leadership positions resulted in retaliation against him.

## II.    ANALYSIS

Under the pertinent rule governing discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Plaintiff's motion pertains to two separate sets of discovery requests he has propounded on Defendant: (1) Plaintiff's First Set of Interrogatories and Requests for Production, and (2) Plaintiff's Second Set of Requests for Production. The Court delineates between the two overarching sets of discovery requests; aligns the areas of inquiry where there is subject matter commonality within each set; and summarizes the respective disputes.

### A. Plaintiff's First Set of Interrogatories and Requests for Production

<u>Interrogatory Nos. 4, 5, 6, and 7</u>

Under Interrogatory No. 4, Plaintiff asks for a description of all age discrimination complaints (verbal complaints, grievances, lawsuits, etc.), from 2013 to the present, made against any party-defendant or employee thereof. Under Interrogatory No. 5, Plaintiff seeks all age discrimination complaints known to Defendant against West Virginia University or WVSOM, from 2013 to present, including the particulars of complaints. Under Interrogatory No. 6, Plaintiff requests a list of all administrative charges/lawsuits filed against any party-defendant regarding employment discrimination or retaliation based on state or federal statutes. Finally, under

3

Interrogatory No. 7, Plaintiff seeks all administrative charges or lawsuits known to Defendant against West Virginia University or WVSOM for employment discrimination.

At the hearing before the undersigned, Defendant explained that it objected to providing information for entities (i.e. West Virginia University and WVSOM) other than itself. Defendant also objected to the temporal scope of the requests, and seeks to narrow the time period of the request from 10 years to five years. Defendant also objects to the breadth of information sought insofar as it pertains to persons that are placed differently in the administrative hierarchy than those about whose actions Plaintiff complains.

Plaintiff has narrowed his requests to pertain to <u>written</u> claims/complaints, but insists on a 10-year lookback period. Also, at the aforementioned hearing, Plaintiff confirmed that he is not seeking records for the whole of West Virginia University operations, but only for those involving WVSOM (and at that, is interested only in those involving higher-level administrators). Plaintiff also seeks information for entities other than Defendant because, Plaintiff argues, Defendant is closely aligned with the other entities for which Plaintiff seeks information.

Upon review, the undersigned **FINDS** that a five-year lookback from the date discovery was propounded, is sufficient within the context of the claims herein, and is consistent with requirements of proportionality. The undersigned is persuaded by certain caselaw cited by Defendant regarding employment claims pending in federal court, which generally set a five-year lookback period. As stated on the record during the hearing, if Plaintiff can point to more particular information which would compel a lookback of a greater period of time, then he may revisit the issue upon the filing of a proper motion. If, for example, in the course of discovery in a shorter lookback, Plaintiff learns of other such claims that arose more distantly in the past, and wishes to seek information regarding such claims, then he might seek information about the same. But to

compel Defendant to search beyond a five-year lookback, without articulating a reason to do so, is inefficient and an unfair expenditure of resources.

Additionally, the undersigned **FINDS** that Defendant here need not respond to discovery propounded which concerns entities other than itself. As Defendant convincingly noted in the hearing on these issues, Defendant is not the custodian of records for entities other than itself. (Notably, Defendant herein is represented by counsel who are separate from those counsel representing those other entities in the state court action). What is more, Defendant pointed out, Plaintiff is pursuing the state court action concerning these other entities, and presumably could seek such information in the course of that litigation. Or Plaintiff might, in the instant matter, himself subpoena the records from those other entities. And just because Defendant may have a relationship with those other entities does not necessarily mean that Defendant is better-positioned than Plaintiff, in this particular context, to obtain the information sought.

Thus, to the extent Plaintiff seeks information beyond the scope of what the undersigned articulates here, Plaintiff's motion to compel is **DENIED in part**. However, to the extent which Plaintiff still seeks information within the scope of what is articulated here, the motion is **GRANTED in part**.

Interrogatory No. 8

Under Interrogatory No. 8, Plaintiff seeks information about all lawsuits brought against Defendant for breach of contract. At the hearing before the undersigned, Plaintiff stated that he was seeking information revealed from a 10-year lookback, and is interested only in contract breach claims involving physicians and upper-level administrators.

Defendant resists providing any such information at all, arguing that the information sought does not demonstrate <u>intent</u>. Plaintiff emphasized that the contract Plaintiff had with Defendant may be like arrangements that other similarly-situated employees had.

Upon review, the undersigned **FINDS** that the information is permissibly sought, to an extent. Plaintiff may obtain information about breach of contract claims, but as to Defendant only (not other entities). And Plaintiff may obtain the information sought only for a period five years prior to the date when the request was propounded, and only to the physicians and upper-level administrators discussed during the aforementioned hearing.

Thus, to the extent as Plaintiff seeks information consistent with the more limited scope outlined here, the motion is **GRANTED in part**. However, to the extent Plaintiff seeks information inconsistent with this scope, the motion is **DENIED in part**.

<u>Interrogatory No. 10</u>

By Interrogatory No. 10, Plaintiff asks "Did Sunita Kellermeyer ever report to Defendant or to any other entity that she was informed of claims that Dr. Lee was subject to discriminatory acts of or statements made by Dr. Clay Marsh?" At the hearing before the undersigned, counsel for the parties explained that Kellermeyer was an in-house counsel for Defendant. Plaintiff's counsel explained that the answer to this interrogatory was that Kellermeyer had no knowledge of any such information other than via Plaintiff's legal claims; yet Plaintiff says that he has different information with respect to Kellermeyer and wants an answer from Kellermeyer directly. Plaintiff seems dissatisfied that someone other than Kellermeyer signed the verification to this discovery response.

Defendant's counsel rightly pointed out that the person signing the verification is not required to have direct, personal knowledge of the responsive information provided. Plaintiff's

6

counsel responded that having Kellermeyer directly respond would obviate the need for taking Kellermeyer's deposition on the issue, and so counsel thought this might be a more efficient route.

In any case, Plaintiff cites no authority for the notion that Kellermeyer must be the individual to respond to the interrogatory and verify the same. Nor is the undersigned aware of any such authority. Thus, to the extent Plaintiff is seeking to compel Kellermeyer's direct response to the interrogatory, the motion is **DENIED**.

Interrogatory No. 11

By this interrogatory, Plaintiff asks: "Did any other person ever report to Defendant that Dr. Lee claimed he was subject to discriminatory acts of or statements made by Dr. Clay Marsh?" In his Complaint, Plaintiff alleges that Dr. Clay Marsh served as Executive Dean of Health Sciences and Dean of WVSOM.

Defendant resists providing information here to the extent it may be protected by the attorney-client privilege. Defendant says it became aware of Plaintiff's claims upon receipt of correspondence from Plaintiff's counsel, pre-litigation, on July 29, 2021. Plaintiff argues that he is seeking information that may have arisen before litigation, so the information is not categorically protected by attorney-client privilege. And in any event, Plaintiff argues, Defendant should produce a privilege log.

At the hearing before the undersigned, Defendant's counsel helpfully represented that an investigation was made by West Virginia University, facilitated by outside counsel, about Plaintiff's claims – and that Plaintiff has been provided the results of that investigation. What is more, Defendant's counsel represented that Defendant itself did not conduct an investigation about Plaintiff's claims (except that counsel himself investigated the claims as part of the instant litigation, such that any resulting information is attorney-client protected).

As a result of the above-mentioned hearing, Defendant provided two items to the undersigned to review: (1) a privilege log, and (2) the Common Interest and Joint Defense Agreement between West Virginia University and Defendant (which is designated "confidential" and is subject to the Protective Order herein). To be clear, it appears that Plaintiff previously was provided both documents.

Upon review, the undersigned **FINDS** that the information thus summarized here (including the two documents noted above) obviates the interrogatory at issue. Representations by Defendant's counsel on the record about the existence (and non-existence) of certain information helps put the issue to rest. And as for matters of attorney-client privilege, the privilege log appears to be consistent with the requirements of Fed. R. Civ. P. 26(b)(5), offering no avenue for Plaintiff's further inquiry. Accordingly, as to Interrogatory No. 11, Plaintiff's motion is **DENIED**.

Request for Production Nos. 4-12

This category of requests concerns an array of documents about Plaintiff's recruitment, performance, qualifications, alleged demotion, and replacement. At the hearing before the undersigned, counsel for the parties explained their collective efforts to develop protocols and search terms for searches of electronic records. Counsel for the parties appeared to be making good-faith strides toward resolution. Thus, as set forth on the record, the Court **HOLDS IN ABEYANCE** Plaintiff's motion on this category of requests. The Court will revisit the issue during the follow-up hearing on Plaintiff's motion presently scheduled for March 22, 2024.

### B. Plaintiff's Second Set of Requests for Production

Request for Production Nos. 1, 3, 4, 5, 6, 8

In his reply brief, Plaintiff represents that the dispute concerning these requests is resolved. Thus, as to these requests for production, Plaintiff's motion is **DENIED as moot**.

Request for Production No. 9

By this request, Plaintiff seeks documentation concerning the placement of Dr. Peter Konrad to position of Chair of neurosurgery (and other position(s)) after Plaintiff no longer was in the position of Chair. At the hearing before the undersigned, Plaintiff's counsel explained that Plaintiff seeks information about how robust the process was to replace Plaintiff, and whether the placement of Dr. Konrad was a "sham" to aid in resisting Plaintiff's claims herein.

Defendant explains that Dr. Konrad's hiring and/or elevation in position in the administrative structure is so irrelevant to Plaintiff's claims that any responsive information has no bearing on anything of consequence here.

The undersigned **HOLDS IN ABEYANCE** Plaintiff's motion on this point and invites the parties to revisit the issue during the hearing on March 22, 2024 to the extent they believe it necessary for the Court to further address it.

Request for Production Nos. 16-22

This category of requests pertains to, broadly speaking, various searches conducted by several committees for the hiring of multiple positions. Plaintiff argues that this category of documents relates to the processes of replacing Plaintiff once he left Defendant's employ (and that of WVSOM). Per Plaintiff's counsel, once Plaintiff was not in the jobs for which he was hired, the processes of selecting other people to fulfill Plaintiff's former roles may demonstrate whether there were age-based criteria for selecting replacements. Defendant succinctly replies that none of this information bears on Plaintiff's theories of liability, as Plaintiff did not apply for (nor was offered or accepted) these positions.

Upon review, the undersigned **FINDS** that Defendant is persuasive as to this category of documents sought. The positions about which Plaintiff seeks information appear to be unconnected

9

to the jobs which Plaintiff himself held. Thus, as to this category of documents, Plaintiff's motion is **DENIED**.

<u>Request for Production Nos. 24-26</u>

These requests pertain to an array of issues: a possible proposed "buyout" of Plaintiff, Plaintiff's performance as Chair of neurosurgery, and Plaintiff's attendance at a certain continuing education event. As discussed during the above-noted hearing, counsel for the parties continue to review these matters and discuss them between themselves. The undersigned indicated that the Court would review these issues at the next hearing on March 22, 2024, and thus the motion is **HELD IN ABEYANCE** pending further hearing.

### III.　CONCLUSION AND ORDER

As set forth more fully above, Plaintiff's motion to compel [ECF No. 69] is hereby **GRANTED in part** and **DENIED in part** and otherwise **HELD IN ABEYANCE** pending further hearing.

It is all so **ORDERED**.

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: March 18, 2024.**

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE