```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MARK R. LEE, M.D.,**

    **Plaintiff,**

**v.**                                          **Civil Action No. 1:22-CV-156**

**WEST VIRGINIA UNIVERSITY MEDICAL**
**CORPORATION d/b/a UNIVERSITY**
**HEALTH ASSOCIATES,**

    **Defendant.**

### ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Pending before the Court is Defendant's Emergency Motion for Protective Order [ECF No. 167].  Plaintiff filed his response [ECF No. 169].  Given the deposition challenged in the pending motion is imminent, the Court considers the matter ripe for decision.  Defendant's motion is **GRANTED.**

As outlined in the parties' submission, Plaintiff forwarded a Notice of Deposition via email for Jim Nelson, one of Plaintiff's trial witnesses, the evening of January 6, 2025.  That Notice set Nelson's "trial deposition" for January 17, 2025, via Zoom.  Defendant, via email, objected to this deposition as untimely based on the Court's scheduling order.  Counsel exchanged many of the same arguments set forth in their papers via email prior to Defendant filing the pending motion.

The Court's original scheduling order of May 9, 2023, established a discovery cut-off date of July 17, 2024.  ECF No.

**ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

14. That deadline applied to "all" discovery. Id. Discovery beyond that deadline, outside of the parties' duty to supplement, was permitted **only** by stipulation or order of the Court. Id. Although, as addressed infra, the scheduling order did not distinguish between discovery or "trial" depositions, it did provide that each party must identify depositions that would be used at trial on or before March 25, 2024. Id. The parties were also ordered to include in the joint proposed pretrial order all witnesses and exhibits for trial purposes on or before April 15, 2024. Id. Notably, the scheduling order provided "no party shall be permitted to add to these lists after the pre-trial order is submitted to the Court" on April 15, 2024. Id.

Thereafter, upon motion of the parties, the Court extended those deadlines on multiple occasions: November 17, 2023 [ECF No. 63] and April 11, 2024 [ECF No. 91]. That April 11, 2024, order again required **all** discovery to be completed by July 17, 2024 and, among other deadlines, required the exchange of witness and exhibit lists and depositions to be used at trial on November 12, 2024. ECF No. 91. Objections to those exchanges were due November 26, 2024. Id. The joint proposed pretrial order, after which no changes to witness or exhibit lists were permitted, was due to the Court on December 16, 2024. Id. The parties filed that proposed

2

**ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

order on that date with no indication deposition testimony would be used at trial. ECF No. 161.

Defendant contends Plaintiff's deposition is untimely as it is well beyond the discovery cut-off date and no disclosures were made indicating Mr. Nelson's deposition would be used at trial. Plaintiff argues the scheduling order's lack of distinction between discovery and purported other types of deposition permits the scheduling of Mr. Nelson's deposition as does Rule 32(a)(4)(B). Resolution of this dispute can be synthesized into whether the Court's scheduling order and the discovery deadline applied to "trial depositions." The Court ultimately concludes it does and Defendant's motion must be granted.

Initially, the Court notes Judge Stamp has previously reached the same result. Overruling objections to Magistrate Judge Seibert's Report and Recommendation, Judge Stamp granted the defendant's motion for protective order attacking a notice of deposition issued after the close of discovery. Tube City IMS, LLC v. Severstal U.S. Holdings, LLC, Civil Action No. 5:12CV31, 2014 WL 4782957, at *4 (N.D.W. Va. Sept. 24, 2014). In his Report & Recommendation, Magistrate Judge Seibert observed "[t]he Federal Rules of Civil Procedure make[] no distinction between depositions taken for discovery or trial." Tube City IMS, LLC v. Severstal U.S. Holdings, LLC, No. 5:12-CV-31, 2014 WL 4782949, at *2 (N.D.W.

Case 1:22-cv-00156-TSK   Document 170   Filed 01/17/25   Page 4 of 7   PageID #: 2047
**Lee v. WVU Med. Corp.**                                                1:22-CV-156

**ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Va. Aug. 28, 2014), aff'd, No. 5:12CV31, 2014 WL 4782957 (N.D.W. Va. Sept. 24, 2014). He also noted the Fourth Circuit had not been called upon to address the issue and some courts had reached a different conclusion. See id. at *2. However, turning to the plain language of Judge Stamp's scheduling order, he found the noticed deposition out-of-time and, therefore, impermissible absent leave of the court for good cause shown. Id.

This Court's scheduling order mirrors Judge Stamp's from Tube City and, as always, finds his reasoning incredibly persuasive. The Fourth Circuit has still not yet spoken to this issue as the Court, like counsel, was unable to find any binding precedent. Upon review of decisions from other districts and circuits, the Court continues to find Judge Stamp's conclusion the proper one here. "The Federal Rules of Civil Procedure do not distinguish between depositions taken for discovery purposes and those taken strictly to perpetuate testimony for presentation at trial." Integra Lifesciences I, Ltd. v. Merck KGaA, 190 F.R.D. 556, 558 (S.D. Cal. 1999); see also Ashby v. Mortimer, 337 F.R.D. 652 (D. Id. 2020) (same). "Based upon the lack of distinction in the Federal Rules between trial and discovery depositions, . . . there is no difference between the two, and, as such if a party wishes to introduce deposition testimony at trial, that testimony should [be] procured during the time set by the court to conduct discovery

**Lee v. WVU Med. Corp.**                                                    **1:22-CV-156**

**ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

absent exceptional circumstances." Ashby, 337 F.R.D. at 656 (internal quotations and citations omitted).

The Court will not repeat the analysis here but found the thorough and sound reasoning in Smith v. Royal Caribbean Cruises, Ltd., 302 F.R.D. 688 (S.D. Fl. 2014) very compelling. There, the Court analyzed the history of the Federal Rules of Civil Procedure and found no basis in the rules for distinguishing between discovery and other depositions. See id. at 693. As the Southern District of Florida summarized, "a Plaintiff, who is engaged in standard civil litigation, represented by counsel, in a routine civil case like those pending in every court in the country, has no right to take a trial deposition of any witness contrary to the schedule set forth by the Court's Rule 16 scheduling orders. The discovery cutoff has come and gone, and thus the time for taking depositions for discovery, impeachment or trial purposes has also long since passed." Smith v. Royal Caribbean Cruises, Ltd., 302 F.R.D. 688, 693 (S.D. Fl. 2014).

Although no motion requesting a scheduling order modification for Mr. Nelson's deposition is pending, the Court is likewise not persuaded that good cause exists here. Mr. Nelson has been disclosed as a witness for some time such that his identity was known to the litigants. Plaintiff identified Mr. Nelson in his Rule 26(a)(1) disclosures on March 20, 2023. He was "only"

5

available by contacting Plaintiff's counsel. The most recent trial date of January 21, 2025, has been set since April 11, 2024 – more than 8 months ago.  ECF No. 91.  Plaintiff clearly had a certain level of control and enhanced communication access to Mr. Nelson given he was placed "off limits" without working through counsel making the "surprise" of his unavailability for a trial set months ago unavailing.  A party who decides for whatever reason to not secure sworn testimony potentially admissible at trial of a witness who is beyond the reach of the court's subpoena power incurs the risk the testimony could be lost for trial purposes if the witness will not or cannot appear voluntarily.

Plaintiff is correct that any prejudice to counsel's trial preparation by squeezing in Mr. Nelson's trial deposition is mitigated as the Court continued the January 21, 2025 trial.  This does not establish good cause however.  Instead, it highlights the potential for slippery slopes contemplated in Smith:

> If trial depositions are not governed by standard discovery deadlines required by Rule 16 and the procedures for "depositions" set forth in Rule 30 and 32, parties could wait until after discovery closes to take depositions by merely designating the depositions "for trial use." . . . Consequently, permitting parties as a matter of course to take depositions after the close of discovery **would undermine the Court's ability to manage its docket.** Otherwise, for example, how many "trial depositions" would a party be permitted to take, notwithstanding Rule 30(a)(2)(A)(i) (leave of court required

>       for more than ten depositions)? Does a party
>       have the right to take a "trial deposition"
>       that lasts longer than seven hours,
>       notwithstanding Rule 30(d)(1) (depositions
>       shall not exceed seven hours)? Can a party
>       take a trial deposition remotely,
>       notwithstanding the limitations for remote
>       means found in Rule 30(b)(4)? If there truly
>       exists a right to take a trial deposition de
>       bene esse, why would any of the limitations or
>       conditions found in Rule 30 ever presumptively
>       apply?

Smith, 302 F.R.D. at 692-93 (emphasis added). The Court compels pretrial disclosures and objections thereto on the schedule outlined in case management orders to afford it sufficient time to assess and rule on those matters in preparation for trial. The potential for last minute scrambles – which make missteps more likely – under the approach Plaintiff suggests here is the very reason a Rule 16 order is required.

For these reasons, Defendant's motion [ECF No. 167] is **GRANTED**. Plaintiff may not proceed with Mr. Nelson's January 17, 2025, deposition.

The Clerk is directed to forward a copy of this Order to all counsel of record.

Entered this the 17th day of January, 2025.

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA